UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIM. NO. 5:15 -CR-31(MTT) |
| vs. : | |
| : | Filed at 9:20 A.M. 4/20, 2016 |
| HOLLY HOGUE EDWARDS, : | |
| Defendant. : | Deputy Clerk, U.S. District Court |
| : | Middle District of Georgia |

**PLEA AGREEMENT**

It is agreed by the United States of America, by and through its undersigned attorney, and Holly Hogue Edwards, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his understanding of the Government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. Defendant understands that

1

Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

2



(A)   The Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count Four of the Indictment which charges Defendant with Distribution of Oxycodone and Methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

(B)   That Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant on Count Four to a maximum sentence of twenty (20) years imprisonment, a maximum fine of $1,000,000.00, or both, and a term of supervised release of three (3) years. Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.

(C)   The Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office. The Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's attorney, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigative Report and found by the Court to be the correct guideline range.

(D)   The Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigative Report has been completed. The Defendant understands and has discussed with Defendant's attorney that the Defendant will have the opportunity to review the Presentence Investigative Report and challenge any facts

3

reported therein. The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the Defendant or Defendant's attorney to the Presentence Investigative Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E) Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(F) Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G) Defendant understands that ordinarily Title 18, United States Code, Section 3742, will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of a Defendant's sentence. But once this agreement is accepted and sentence is imposed by the District Court, Defendant by this agreement forever waives any right to an appeal or other collateral review of Defendant's sentence in any court, except for any claim of ineffective assistance of counsel. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the Defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In the event that the Defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only.



Defendant and the United States Attorney agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney appeals the Defendant's sentence pursuant to this statute, the Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

(H)   Defendant and the Government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)   That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant. The United States Attorney agrees to dismiss the remaining counts of the pending Indictment, if any, in exchange for Defendant's plea of guilty to Count Four of the Indictment.

(B)   If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive an appropriate downward departure

for such acceptance. It is entirely within the Court's discretion whether or not the Defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(C)  The Government agrees to not object to any sentence within the applicable Guidelines range determined by the Probation Office. The Government further agrees that it does not believe an upward departure from the Guidelines is warranted by the facts and circumstances of the case.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.



(7)

As an aid to this Court, the United States Attorney and the Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Presentence Investigative Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and the Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

Defendant was introduced to a Georgia Bureau of Investigation undercover agent (herein after "UC") through a confidential informant (herein after "CI"). On June 4, 2015, the UC contacted Defendant to obtain ten (10) tablets of oxycodone and an "eight ball" of methamphetamine, which is 3.5 grams. Defendant agreed to meet with the UC in the parking lot of a Church's Fried Chicken located on Hardeman Avenue in Macon, Georgia. The UC was equipped with an audio/video recording device, which captured the transaction.

Defendant arrived at the parking lot and entered the UC's vehicle. Defendant provided the UC with a corner of a baggie of methamphetamine and explained that she obtained this methamphetamine from a different source from normal, so she wanted the UC to try it. The UC stated that the UC did not use methamphetamine and was obtaining the methamphetamine for a co-worker, but would ask his co-worker and report back to

7

Defendant. Defendant stated that she could obtain the methamphetamine from her regular source of supply, which she could vouch for. The UC provided Defendant with $500 of official funds for the eight ball of methamphetamine and 10 (ten) tablets of oxycodone. ($250 was for the purchase of the oxycodone and the other $250 was for the methamphetamine.) Defendant stated that her source of supply was close and she would return in a few minutes. Defendant exited the UC's vehicle and left the parking lot.

Agents observed Defendant travel down Hardeman Avenue to a Citgo gas station where she met with her source of supply. Defendant was then observed travelling back to the Church's Chicken parking lot and met with the UC. Defendant again entered the UC's vehicle and provided the UC with 10 (ten) tablets of oxycodone. Defendant stated that she did not retrieve the eight ball of methamphetamine, but would get it to the UC later in the day. After several attempts to make contact with Defendant, the UC never heard back from Defendant to obtain the rest of the methamphetamine the UC had purchased. The tablets and suspected methamphetamine were submitted to the GBI Crime Lab where they tested positive for oxycodone and methamphetamine.

Defendant now admits and agrees that on June 4, 2015, she distributed methamphetamine and oxycodone. The parties agree and stipulate that for purposes of relevant conduct under the Sentencing Guidelines that the amount of drugs attributable to Defendant is equal to at least 5 kilograms, but less than 10 kilograms, of marijuana.



(8)

## ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 20th day of April, 2016.

G.F. PETERMAN, III
ACTING UNITED STATES ATTORNEY

BY: _____
ELIZABETH S. HOWARD
ASSISTANT UNITED STATES ATTORNEY

I, Holly Hogue Edwards, have read this agreement and had this agreement read to me by my attorney, Charles E. Cox, Jr.. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
HOLLY HOGUE EDWARDS
DEFENDANT

I, Charles E. Cox, Jr., attorney for Defendant Holly Hogue Edwards, have explained the Indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
CHARLES E. COX, JR.
ATTORNEY FOR DEFENDANT